FILED
 2015 Apr-23 PM 02:52
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| EMERGENCY RESPONSE SPECIALISTS, INC., | }<br>}<br>} |
| Plaintiff and Counterclaim-Defendant, | }<br>} |
| v. | }<br>} |
| CSA OCEAN SCIENCES, INC, | }   CIVIL ACTION NO.<br>}   2:14-cv-2214-WMA |
| Defendant and Counterclaim-Plaintiff, | }<br>}<br>} |
| and | }<br>} |
| NOBLE ENERGY INC. | }<br>} |
| Defendant. | } |

## **MEMORANDUM OPINION**

The complaint filed by plaintiff Emergency Response Specialists, Inc. ("ERS") contains five counts. (Doc. 1). Counts I, II, and III[1] allege various breach of contract claims against defendant CSA Ocean Sciences, Inc. ("CSA") under a January 31, 2014 purchase order ("ERS/CSA Agreement").[2] (Doc 1 at 10-19). Count IV

---

[1] ERS misnumbered this count as "Count II" rather than "Count III." (Doc. 1 at 16). As noted at the motion hearing held on March 24, 2015, this court will properly refer to the misnumbered "Count II" as "Count III."

[2] ERS states in its complaint that it attaches as Exhibit A the "Purchase Order [] Attachment A, Attachment B and ERS' estimate dated October 11th , 2013", which together form the ERS/CSA Agreement, but no such exhibit is attached. (Doc. 1). ERS attached to its brief in response to the motions to dismiss the said purchase order (Doc. 16-1) and Noble also includes as an exhibit to its present motion the said purchase order,

1

alleges misrepresentation and fraud by CSA. (Doc. 1 at 19-23). Count V alleges unjust enrichment against both CSA and defendant Noble Energy Inc. ("Noble"). (Doc. 1 at 23-24). Now before the court are two motions to dismiss: a partial motion to dismiss by CSA as to Counts IV and V (Doc. 7), and a motion to dismiss by Noble as to Count V, the only claim aimed at it (Doc. 12).

For the reasons hereinafter stated, CSA's partial motion to dismiss will be denied as to Count IV and granted as to Count V; Noble's motion to dismiss will be granted.

Generally to survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). However, where the complaint alleges "fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Fed. R. Civ. P. 9(b)).

I. **Misrepresentation and fraud**

Generally in Alabama, "[a] mere breach of [] contract is not sufficient to support a charge of fraud." *McAdory v. Jones*, 71 So. 2d 526, 528 (Ala. 1954). Yet, the distinction between the two "is

---

attachments, and cost estimate (Doc. 12-1).

all too often lost in Alabama . . . [resulting in] confusion[3] surrounding the difference between a claim alleging breach of contract and a claim alleging fraud." *Dickinson v. Land Developers Constr. Co.*, 882 So. 2d 291, 303 (Ala. 2003) (Houston, J., concurring). "Regardless, it is clear that to assert a fraud claim that stems from the same general facts as one's breach-of-contract claim, the fraud claim must be based on representations independent from the promises in the contract and must independently satisfy the elements of fraud." *Hunt Petroleum Corp. v. State*, 901 So. 2d 1, 10-11 (Ala. 2004) (Houston, J., concurring); see *Stone v. Koch Farms of Gadsden LLC*, 2013 WL 121477, at *2-3 (N.D. Ala. Jan. 8, 2013) and *Townson v. Koch Farms, LLC*, 2014 WL 1618376, at *2 (N.D. Ala. Apr. 22, 2014)(relying on Justice Houston's concurrence to conclude fraud claims must be sufficiently independent from a breach of contract count to be separately cognizable).

At the motion to dismiss stage, under the heightened pleading standard of Rule 9(b), the Eleventh Circuit requires that a

---

[3] Compare *Deupree v. Butner*, 522 So. 2d 242, 244 (Ala. 1988) ("In Alabama, a single transaction can support an award of damages for both breach of contract and fraud . . . [yet] a fraud claim and a contract claim based on one set of facts may [not] go to the jury . . . when fraud in the inception of the contract is alleged.") with *McAdory v. Jones,* 71 So. 2d 526, 528 (Ala. 1954) ("When fraud is the basis upon which relief is sought against a contract and the fraud is dependent upon a breach of the covenant by the other party to the contract, it is usually necessary to allege and prove that at the time the contract was made the covenantor had no intention of complying with his obligation, but that he entered into it at that time with the intention of defrauding the other party to the contract.").

plaintiff allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n*, 605 F.3d at 1291.

ERS alleges misrepresentation and fraud based "upon statements and emails of CSA personnel, the work description within the Agreement between CSA and ERS, and that CSA's personnel would conduct themselves and their operations in a safe, professional and regulatory complaint manner . . ." (Doc. 1 at 20). Beyond the said ERS/CSA Agreement, ERS bases its fraud claim on specific representations independent of the agreement: a September 16, 2013 cost estimate request by CSA Vice President Robert Mulcahy for ERS to conduct sampling of a brine pool at the Leviathan-2 well site (Doc. 1 at 5), a November 22, 2013 advisement acknowledgement by CSA Senior Scientist Dr. Christopher J. Kelly on project details (Doc. 1 at 7-8), a January 14, 2014 email from Mulcahy telling ERS "this is your official NTP (Note to Proceed)" (Doc. 1 at 8), and a request from Kelly for "a NPTP on the cleaning of the water samplers" (Doc. 1 at 8). In light of these specific allegations, ERS states a cognizable fraud claim under Alabama law sufficiently independent from its breach-of-contract claims and also states the said claim with sufficient particularity to survive a motion to dismiss. See *Houston v. Bayer Healthcare Pharm., Inc.*, 2014 WL

4

1330906 (N.D. Ala. Mar. 28, 2014)("Like the *Iqbal* standard, this is not a hard-and-fast test, but can vary based on the nature of the claim asserted.") (citing Fed. R. Civ. Pro. 9(b)).

## II.  Unjust enrichment

"It has long been recognized in Alabama that the existence of an express contract generally excludes an implied agreement relative to the same subject matter." *Vardaman v. Florence City Bd. of Educ.*, 544 So. 2d 962, 965 (Ala. 1989). "Based on that principle, where a plaintiff has brought claims sounding in both express contract and quasi-contract as to the same subject matter, Alabama courts have deemed the quasi-contract claim not to be cognizable." *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1133 (S.D. Ala. 2006). While under the federal rules a plaintiff is permitted to plead alternatively, "[i]t is not whether Plaintiff is successful on a breach of contract claim that precludes [its] unjust enrichment claim, it is the undisputed existence of a contract." *Selby v. Goodman Mfg. Co., LP*, 2014 WL 2740317, at *6 (N.D. Ala. June 17, 2014).

While ERS argues it is permitted to plead alternatively under the federal rules (Doc. 16 at 10), it is undisputed by all the parties that the ERS/CSA Agreement actually exists. In its own complaint, ERS itself pleads the existence of an express agreement (Doc. 1 at 9) and it attaches the agreement to its brief in response to this motion to dismiss presently under consideration


(Doc. 16-1).  Neither CSA or Noble denies the existence of this agreement, and both defendants rely on the existence of the agreement. (Doc. 7 at 17; Doc. 11 at 5; Doc. 12 at 4-5; Doc. 12-1). Although Noble was not a party to the contract ERS' only connection with Noble was occasioned by its contract with CSA. Even if Noble cannot rely on the existence of the contract, there is no basis in the allegations that could create a right in ERS to claim that Noble was unjustly enriched to its detriment. Therefore, ERS' unjust enrichment claims against CSA and Noble are due to be dismissed.

## CONCLUSION

For the reasons detailed above, the court will by separate order deny CSA's partial motion to dismiss as to Count IV and grant CSA's motion as to Count IV; Noble's motion to dismiss will be granted.

DONE this 23nd day of April, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE