IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMERGENCY RESPONSE } | |
| SPECIALISTS, INC., } | |
| } | |
| Plaintiff and } | |
| Counterclaim-Defendant, } | |
| } | |
| v. } | |
| } | CIVIL ACTION NO. |
| CSA OCEAN SCIENCES, INC, } | 2:14-cv-2214-WMA |
| } | |
| Defendant and } | |
| Counterclaim-Plaintiff. } | |
| } | |

**MEMORANDUM OPINION AND ORDER**

On March 24, 2016, Emergency Response Specialists, Inc. ("ERS") filed a motion to stay all proceedings and deadlines until ownership and control of ERS can be determined between co-owners of ERS, Lisa Moore Haywood and Carl Haywood, who are in the midst of a divorce proceeding in the Circuit Court of Walker County, Alabama. (Doc. 42).  ERS specifically references a state court order entered on March 23, 2016 that "neither party shall have any authority to conduct any business relative to any pending ERS litigation absent an agreement otherwise between the attorneys in this cause." (Doc. 42 at 1; 42-1 at 1).

On March 31, 2016, CSA Ocean Sciences, Inc. ("CSA") filed its opposition to the stay asserting prejudice in delay, particularly in light of its Rule 30(b)(6) deposition of ERS scheduled for April 6, 2016. (Doc. 44).  In the alternative, CSA

1

requested that any stay be in place only until April 20, 2016, the day after the upcoming hearing in the divorce proceeding. (Doc. 44 at 2).  On April 4, 2016, ERS filed a reply reiterating the impracticabilities of undetermined corporate control while admitting that "ERS is not a party in the divorce." (Doc. 45 at 1).  Finally, on April 5, 2016, ERS filed a motion for protective order and to terminate deposition. (Doc. 46) .

"[A] stay is as much a refusal to exercise federal jurisdiction as a dismissal" under the abstention principles in *Colorado River.*" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).  "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it . . . [and] cases can be justified under this doctrine only in the exceptional circumstances . . . clearly serv[ing] an important countervailing interest." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).  Abstention under these principles, referred to as "Our Federalism,"  is the concept that ours "is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that

2

will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 44 (1971).  "It is not inconceivable, however, that in certain circumstances, the[se] abstention principles . . . might be relevant in a case involving elements of the domestic relationship . . . [such as] if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties." *Ankenbrandt v. Richards*, 504 U.S. 689, 705-06 (1992).

   Both motions by ERS amount to a request by this court to abstain from exercising its prerogative to adjudicate the above-entitled controversy properly before it.  Unlike the circumstances outlined in *Ankenbrandt*, ERS fails to demonstrate the appropriate nexus between the matter before this court and the divorce proceeding in the Circuit Court of Walker County.  Both motions wrongly conflate corporate management of ERS with the corporation itself.  *Upjohn Co. v. United States*, 449 U.S. 383 (1981).  ERS is not a party in the divorce proceeding nor is either party in the divorce proceeding a party in this court.

    Furthermore, even if such a nexus existed, ERS fails to demonstrate why the exceptional circumstances for abstention are warranted.  It appears that the divorce proceedings have been underway for over a year, and only on the eve of the Rule 30(b)(6) deposition does ERS demand a stay and termination of the

deposition. Such delay is exacerbated by the failure of ERS to pursue in good faith the many other less extraordinary options available to resolve the question of ownership.

Therefore, the motion to stay (Doc. 42) and the motion for a protective order and to terminate deposition (Doc. 46) are **DENIED**.

**DONE** this 6th day of April, 2016.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE